## THE ENOS SOULE.

(District Court, S. D. New York. June 17, 1899.)

MARITIME LIENS—SALVAGE ENTERPRISE—CONTRACT WITH AGENT OF OWNERS.
The local agent of the owners of a loaded barge, which had broken adrift at sea, employed a tug to go in search of it, agreeing to pay the tug $100 per day for the search, and for bringing in the barge if found. The tug did not find the barge, which had been picked up by a steamer, and towed into port. Held, that the service rendered was not one of salvage, for which a suit in rem is authorized under Adm. Rule 19, but merely a salvage enterprise, and, the contract having been made by an agent of the owners, who were apparently in good credit, must be presumed to have been made on their credit, and not on the credit of the vessel.

This was a suit in rem in admiralty to enforce a lien claimed by libelants on the barge Enos Soule.

Owen & Sturges, for libelants.
Cowen, Wing, Putnam & Burlingham, for claimant.

BROWN, District Judge. The above libel was filed as in a cause of towage civil and maritime, by which the libelants claim a lien in

the sum of $300 upon the barge Enos Soule for three days' service of the libelants' tug Hudson on the 29th and 30th of November and the 1st of December, 1898, in going to sea from Norfolk in the endeavor to find the Soule, which had broken adrift with a valuable cargo of coal. The authorized agent of the Atlantic Transportation Company at Norfolk had hired the Hudson for this purpose upon the agreement to pay $100 a day for her services in searching for the Soule. The service was performed as agreed, but the Soule was not found by the Hudson, having been picked up by a steamer and towed into port. There is no dispute upon these facts, the defense being that the service constitutes no lien upon the Soule, but was rendered upon the personal credit of the transportation company.

The claimant of the Soule is the Knickerbocker Steam Towage Company, which on June 18, 1898, conveyed the Soule, with a number of other vessels, to the Atlantic Transportation Company and took back a mortgage upon the same vessels as security for the payment of a part of the price. The transportation company failed in December and a receiver was appointed of the property. A short time prior thereto the towage company took possession of the Soule and other vessels for default in payment, under the mortgage, and the Soule was subsequently sold pursuant to the provisions of the mortgage and bought in by the company. The present libel was filed on January 25, 1899.

The case of The Williams, Brown, Adm. 208, Fed. Cas. No. 17,710, was in some respects like the present case, although there the suit was brought nominally for salvage services and the employment was by the master. Longyear, J., dismissed the libel, but on appeal the libel was sustained by Emmons, J., on the broad ground that all contracts for the benefit of a ship are liens upon her. In the subsequent case of The Ira Chaffee, 2 Fed. 401, Mr. Justice Brown, in referring to this case, though stating that the above proposition is too broad, says that he has no doubt of the correctness of the ruling.

The service rendered in this case was not a salvage service, because the vessel was not found. It was merely a salvage enterprise, entered upon by the Hudson upon the contract of the agent of the owner to pay the Hudson $300 for the endeavor to find the Soule and to tow her into Norfolk, if found. In the case of The Williams, the employment was substantially the same. The case does not fall within the provisions of the nineteenth rule of the supreme court in admiralty for a suit in rem, the language of that rule being

"In all suits for salvage the suit may be in rem against the property saved, or the proceeds thereof."

This imports a case in which the libelant has saved or contributed towards saving the property, which is not the case here. The remaining branch of the same rule provides for a suit in personam against the party at whose request the service has been performed, which would cover this case.

A contract for the service of a tug to go in search of a vessel in need of salvage assistance is evidently a maritime contract. When made under circumstances importing a pledge of the vessel as security for the payment, I see no reason why a lien for such a service

should not be upheld, as much as for the supply of any other neces-
sity of the ship. In the case of The Williams the employment was
by the master, whose contracts in behalf of the ship for such neces-
sary service import an hypothecation of the ship. In this case, the
employment was not by the master, but by the local agent of the
owners. The owners at the time were apparently in good credit.
There was no suggestion to the contrary. The bill for the service
was made out against the company only, and not against the Soule;
nor was any such claim presented until after the failure of the com-
pany. The decisions of this court in analogous cases require me to
hold that the service was rendered upon the credit of the company,
and not of the vessel; and as, moreover, no service was in fact ren-
dered to the vessel, the libel should be dismissed, but without costs.